FILED
Jun 26, 2025
02:04 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carol McNicholas | ) Docket No. 2024-60-4924 |
| | ) |
| v. | ) State File No. 57686-2023 |
| | ) |
| Whelan Security Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer alleges the trial court erred in declining to dismiss the employee's petition for benefit determination, which the employer asserted was filed for the "sole purpose" of tolling the statute of limitations. The trial court determined that the employee's petition, on its face, identified disputed issues beyond merely tolling the statute of limitations and, in presuming the truth of the allegations and averments in the petition, it concluded her petition stated a claim upon which relief could be granted. Because we agree with the trial court's rationale and conclusions, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

W. Troy Hart and Lauren N. Gray, Knoxville, Tennessee, for the employer-appellant, Whelan Security Co.

Adam C. Brock-Dagnan, Nashville, Tennessee, for the employee-appellee, Carol McNicholas

### Factual and Procedural Background

Carol McNicholas ("Employee") was working for Whelan Security Co. ("Employer") when she reported an alleged work-related accident occurring on July 30, 2023, that resulted in a head injury. Employer initially accepted the work accident as a compensable event under Tennessee's Workers' Compensation Law, and certain medical and temporary disability benefits were paid.

1

On July 24, 2024, Employee filed a petition for benefit determination ("PBD"). In her PBD, Employee described the work incident in which a chair she was using collapsed, causing her to strike her head on a gate and concrete. In Section C of her petition, Employee stated she was filing the PBD "to toll the statute of limitations and resolve all permanency-related aspects." In Section D, when asked to identify all unresolved issues, Employee checked boxes indicating that "[a] dispute exists regarding: Amount of Permanent Disability Benefit[s]," "Original Award," and "Resulting Award and/or Increased Benefits." In Section E, she requested a telephonic mediation to address these unresolved issues.

Thereafter, in December 2024, the assigned mediator issued a Dispute Certification Notice ("DCN") "due to unresolved . . . mediation regarding permanent disability and/or medical benefits." The mediator further indicated a dispute existed as to "Employee's average weekly wage or workers' compensation rate per week." Under the section of the DCN entitled "Disputed Issues," the mediator marked "Compensability," "Medical Benefits," and "Permanent Disability Benefits." As is required by Tennessee Code Annotated section 50-6-236(d)(3), the mediator forwarded the DCN to both parties and requested any revisions, amendments, or additions to the DCN within five business days. The mediator then apparently received correspondence from Employer's counsel asking the mediator to include "Employer's Amendments to the proposed DCN," which included six statements summarizing Employer's objections and defenses.[1] The second and fourth statements reflected the following: "The allegations set forth in the PBD do not qualify as an injury via Tennessee Workers' Compensation Law"; and "Employer denies that there was any accident or injury within the scope and course of employment further reserving all defenses." Finally, Employer's statement included the following: "This is an ALL ISSUES case and there are no matters to which the parties stipulate." (Emphasis in original.)

The following month, Employer filed a motion to dismiss Employee's PBD pursuant to Tennessee Rule of Civil Procedure 12.02(6). In its motion, Employer acknowledged that, in considering such a motion, a trial court is to take all allegations of fact in the complaint as true. However, Employer argued that, even assuming the truth of all allegations in Employee's PBD, she had not asserted a claim upon which relief can be granted because the "sole purpose" of filing the PBD was to toll the statute of limitations. Specifically, Employer argued that "[p]rematurely filing the [PBD] for the sole purpose of tolling the statute of limitations makes the statutorily mandated procedural process moot and provides the Employee with almost instantaneous access to the court." Employer further asserted that "no mediation took place."

After Employee filed her response to the motion to dismiss, the trial court issued an order on April 7 denying Employer's motion. The court reasoned that Employee's

---

[1] This attachment to the DCN as reflected in the record is neither signed nor dated.

PBD identified disputed issues beyond merely tolling the statute of limitations and, therefore, the petition was not subject to dismissal under Rule 12.02(6). Employer has appealed.

## Standard of Review

When evaluating a trial court's decision regarding a motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6), we must review the trial court's determination *de novo* and consider whether, assuming the truth of all averments in the petition, the employee can prove no set of facts that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). Moreover, the interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

This dispute stems from several provisions of Tennessee's Workers' Compensation Law and applicable rules and regulations. Generally, to initiate a claim for workers' compensation benefits, the injured worker must file a PBD on a "form approved by the Administrator." Tenn. Comp. R. & Regs. 0800-02-21-.02(23)(a) (2023). The PBD is defined as "a written request for the [Bureau of Workers' Compensation] to assist in resolution of *disputed issues*." *Id.* (emphasis added). Moreover, the rule provides that it may be filed "at any time *after a dispute arises*." *Id.* (emphasis added).

To be considered timely, the PBD must be filed either: (1) within one year of the date of the accident in cases where no benefits have been paid voluntarily by the employer; or (2) within one year of the latter of the date of "the last authorized treatment or the time the employer ceased to make payments of compensation." Tenn. Code Ann. § 50-6-203(b) (2024).

Here, Employee alleged her work-related accident occurred on July 30, 2023. Although Employer initially accepted the compensability of the work accident and paid certain benefits, it later asserted that "ALL ISSUES" were disputed and denied that Employee's injury occurred in the course and scope of her employment.[2] Based on the

---

[2] Throughout the record, Employer has made inconsistent statements regarding the compensability of this claim. As noted above, the work accident was initially accepted as compensable and certain benefits were paid. However, the DCN included "Compensability" as a disputed issue. Moreover, Employer stated in its Addendum to the DCN that this is an "ALL ISSUES" case and that "no matters" are stipulated. Yet, in its Motion to Dismiss and Amended Motion to Dismiss, Employer made no statements regarding the

record before us, however, it is unclear *when* Employer elected to dispute all or any portion of Employee's claim. Yet, Employer insists that, as of the filing of the PBD, no disputes had arisen and, therefore, Employee's PBD was filed prematurely. It further asserted that no mediation had occurred and that the mediator apparently issued a DCN prematurely.[3]

Essentially, Employer alleges that a PBD cannot be filed for the sole purpose of tolling the statute of limitations because the applicable regulation makes clear that a PBD cannot be filed until "after a dispute arises." Thus, according to Employer's argument, in cases where the alleged work accident is accepted as compensable and benefits are paid, it is procedurally improper to file a PBD for the sole purpose of tolling the statute of limitations. This regulation, in turn, purportedly supports Employer's argument that a prematurely filed PBD does not state a claim upon which relief can be granted and, therefore, the PBD is subject to dismissal pursuant to Tennessee Rule of Civil Procedure 12.02(6). In short, as a matter of first impression, we must consider how a trial court is to determine at what point in the course of a claim "a dispute arises."

We conclude Employer's interpretation of the phrase "at any time after a dispute arises," as used in Tenn. Comp. R. and Regs. 0800-02-21-.02(23)(a), is unnecessarily narrow and artificially limits the statutory rights of both employees and employers.[4] In every workers' compensation case, an injured worker is potentially entitled to one or more distinct categories of benefits, including medical benefits, temporary disability benefits, permanent disability benefits, reimbursement of certain expenses, and/or death benefits. Even in cases where the accident in question is accepted as compensable and certain benefits are paid, numerous disputes can arise concerning the employee's entitlement to any particular category of benefits, the timing of payments, and/or the manner or rate at which such benefits are to be paid. In addition, prior to the date an injured worker is placed at maximum medical improvement by an authorized treating physician, the employee's potential entitlement to permanent disability benefits is an unresolved issue.

---

compensability of the claim. Then, in its brief on appeal, Employer insisted that "at the time of [the] filing of the PBD *and to date*, . . . the claim at bar is accepted by Employer as *compensable without dispute(s)*." (Emphasis added.)

[3] Employer does not directly allege that the DCN was issued prematurely; however, pursuant to Tennessee Code Annotated section 50-6-236(c) and (d), a DCN cannot be issued until the parties have been unable to resolve one or more issues following mediation. The applicable regulation provides that "alternative dispute resolution" initiated by a mediator can include "telephonic, electronic, or in-person interactions." Tenn. Comp. R. & Regs. 0800-02-21-.10(4) (2023). Thus, by alleging that "no mediation occurred" and that the mediator had issued a DCN, Employer is intimating that the DCN was issued prematurely. We find no evidence in the record to support that assertion.

[4] "*Any party* may file a petition as provided under Tennessee Code Annotated section 50-6-203." Tenn. Comp. R. & Regs. 0800-02-21-.02(23)(a) (emphasis added).

In the present case, Employee's PBD, filed almost one year after the date of the accident, alleged the existence of a dispute regarding Employee's entitlement to an "original award" of permanent disability benefits, a resulting award, and/or increased benefits. In the context of a Rule 12.02(6) motion to dismiss, these averments addressing the existence of one or more disputes are presumed to be true. Moreover, in response to Employer's motion to dismiss, Employee correctly noted that she is subject to losing her right to continued medical benefits in the absence of a court order for such benefits, whether through a court-approved settlement agreement or a judgment.[5]

In short, to survive a Rule 12.02(6) motion to dismiss for failure to state a claim, the PBD must allege the existence of one or more unresolved disputes arising from the subject claim, including but not limited to disputes regarding the employee's alleged entitlement to temporary disability benefits, permanent disability benefits, past or future medical benefits, reimbursable expenses, a dependent's claim for death benefits, and/or the amount of any such benefits owed. Hence, if a PBD includes allegations describing one or more such disputes, it is not subject to dismissal for failure to state a claim under that particular rule. Even so, a PBD may be subject to other dispositive motions filed pursuant to other sections of Rule 12, the provisions of Rule 56, or any other applicable rule or regulation that could result in dismissal of the claim. Here, Employee's PBD identified unresolved disputes other than tolling the statute of limitations, and Employer's various statements as reflected in the record identified other disputed issues. As a result, we conclude the trial court did not err in declining of dismiss Employee's petition under the circumstances of this case.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[5] For example, in compensable cases where the authorized physician has ended all active treatment, the injured worker stands to lose his or her entitlement to future authorized medical care if the employee fails to treat with the authorized physician within one year of the date the employer issued payment for that last visit. In such cases, the employee must timely file a PBD or risk losing those benefits even though no "dispute" has arisen regarding the compensability of the claim.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Carol McNicholas | ) | Docket No. 2024-60-4924 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 57686-2023 |
| | ) | |
| Whelan Security Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of June, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Lauren N. Gray | | | | X | wth@mijs.com<br>lngray@mijs.com<br>jdhaynes@mijs.com |
| Adam C. Brock-Dagnan | | | | X | adam.brockdagnan@forthepeople.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov